UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBOTT DIABETES CARE INC.<br>And ABBOTT LABORATORIES,<br>　　　　Plaintiff(s),<br>　v.<br>ROCHE DIAGNOSTICS CORP.,<br>ROCHE DIAGNOSTICS<br>OPERATIONS, INC., and BAYER<br>HEALTHCARE LLC,<br>　　　　Defendant(s). | No. C05-3117 MJJ (BZ)<br><br>Related Cases: 04-2123 MJJ<br>　　　　　　　　04-3327 MJJ<br>　　　　　　　　04-3732 MJJ<br><br>**ORDER DENYING ROCHE'S MOTION TO COMPEL AND GRANTING ABBOTT'S MOTION TO QUASH** |

　　　Before me is a motion by defendants Roche Diagnostics Corp. and Roche Diagnostics Operations, Inc. (collectively "Roche") to compel discovery of a settlement agreement between plaintiff Abbott Laboratories and non-party LifeScan, Inc. Also before me is a motion by Abbott Diabetes Care, Inc. and Abbott Laboratories (collectively "Abbott") to quash a subpoena duces tecum issued by defendant Bayer Healthcare LLC to LifeScan or, in the alternative, to preclude the

1

discovery via a protective order.[1]  For the reasons discussed, Roche's motion is **DENIED**, and Abbott's motion is **GRANTED**.  To the extent they are before me, LifeScan's objections are sustained consistent with this Order.

    1.  While Abbott waived its relevancy objection to Roche's discovery request by not raising it in a timely fashion, Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1474 (9th Cir. 1992),[2] it is undisputed that it properly preserved its confidentiality objection.  Moreover, Abbott properly raised relevancy and confidentiality arguments in its motion to quash, and LifeScan has objected on the same grounds.

    2.  LifeScan and Abbott held a legitimate expectation

---

[1] Federal Rule of Civil Procedure 45(c) allows a party to file a motion to quash a third-party subpoena so long as the party demonstrates some right or interest in the documents requested.  See G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc., 2007 WL 119149, at *3 (D. Nev.); In re Ashworth, Inc. Securities Litigation, 2002 WL 33009225, at *2 (S.D. Cal); see also Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or make a motion to quash.").  In addition, Rule 26(c) provides for the issuance of a protective order "[u]pon motion by a party or by the person from whom discovery is sought, . . . and for good cause shown . . . ."

[2] Abbott mistakenly argues that the following general objection preserved its relevancy objection: "Abbott objects to the Interrogatories to the extent that they would require Abbott to provide information beyond the scope of discovery obligations imposed by the Federal Rules of Civil Procedure or the Local Rules, including the Patent Local Rules, of this Court."  See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) (boilerplate objections that requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden); see also E.E.O.C. v. Safeway Store, Inc., 2002 WL 31947153 (N.D. Cal. 2002) (quoting Walker v. Lakewood Condominium Owners Association, 186 F.R.D. 584, 587 (C.D. Cal. 1999)).

2

that their settlement agreement resolving litigation pertaining to Abbott's U.S. Patent No. 5,820,551 (the "'551 patent") would remain confidential.  The agreement includes a confidentiality provision.  Courts may utilize protective orders to protect confidential settlement agreements.  See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002).  And, in light of the Federal Circuit's stated policy of encouraging settlement by shielding settlement documents and negotiations from use as evidence at trial, see Advanced Cardiovascular Sys., Inc., v. Medtronic, Inc., 265 F.3d 1294, 1308 (Fed. Cir. 2001), both parties could reasonably presume the agreement would be kept confidential.

    3.  After reviewing the agreement in camera, I conclude that the agreement is not relevant to the parties' claims and defenses.  Contrary to defendants' speculation, the agreement contains no discussion of royalty payments or a licensing arrangement.  I find the discovery of the agreement, its various drafts, and the related documents is not reasonably calculated to lead to relevant, admissible evidence.  Fed. R. Civ. P. 26(b)(1).  When I weigh the confidentiality expectation of Abbott and LifeScan and the policy of encouraging settlement against the questionable relevance of

///
///
///
///
///

3

the documents, the scale tips decidedly against disclosure.

Dated: August 3, 2007

                                              */s/ Bernard Zimmerman*
                                                  Bernard Zimmerman
                                            United States Magistrate Judge

G:\BZALL\-REFS\ABBOTT DIABETES CARE\Discovery Order Compel Quash RM Version 2.wpd